(No. 4284-

HAZEL FLOWERS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*

FRANK R. SULLIVAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On June 10, 1949, claimant, Hazel Flowers, an employee of the respondent in the Department of Registration and Education, while preparing to leave the office for the day, injured her back putting her typewriter away. Her desk had a folding top, and the typewriter was not permanently affixed to the desk. While lowering the top, the typewriter slipped, and the force of the movement jerked her across the desk, and caused a severe injury to the lower part of her back.

Claimant continued to work until June 23, 1949. On June 24, 1949 claimant entered Our Saviour's Hospital at Jacksonville, Illinois, where she was attended by Dr. H. V. Norris. X-Rays were taken, but these were negative for any bone injury. Dr. Norris diagnosed the injury as a severe lower back sprain with a possible intervertebral disc injury, but claimant refused to have said tests made, and, therefore, there is no proof of any injury to a vertebra. Claimant was hospitalized from June 24, 1949 to August 5, 1949. After leaving the hospital, she stayed in the Herman Koeller home for three weeks in Springfield, and then with her sister in Jacksonville until February 1, 1950, at which date she returned to work with the State of Illinois, but not with the Department of Registration and Education. Dr. Norris testified "that the disc was located between the vertebra, between the vertebral bodies. It might be compared to sort of a sponge rubber cushion with semi-liquid center, which, when ruptured, pushes the shoulder backward, and sometimes causes pressure on the nerves which makes the exit from the spine canal in this area,

which is responsible, in cases in which it is present, for radiation of pain down the nerves to the leg.'' The State of Illinois paid the hospital bill in the amount of $433.50, and the bill of Dr. Norris in the amount of $76.85.

The record consists of the complaint, departmental report, amended complaint, transcript of evidence taken on May 24, 1950, claimant's Exhibits Nos. 1 to 3, inclusive, motion of claimant to introduce additional testimony, order of Chief Justice of this Court granting motion of claimant, transcript of evidence taken on August 1, 1950, transcript of evidence taken on August 17, 1950, abstract of record, and statement, brief and argument of claimant.

At the time of the accident, which resulted in claimant's injury, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State. Although a question was raised by respondent as to notice of the injury, we find that the Department had very definite notice of the accident, and claim for compensation was made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings in the year preceding the injury were approximately $2,400.00. The claimant had no children under 18 years of age dependent upon her for support at the time of the accident. The claimant was paid for the period of June 24, 1949 to July 15, 1949 in the amount of $136.50.

In view of the fact that claimant has failed to take the test that Dr. Norris recommended, there is no positive proof of an injury to the back that would warrant the payment of compensation. In the event proof was made, claimant would still have to prove the differential in

earnings before and after the accident under Section 8 (d) of the Workmen's Compensation Act.

The record shows, however, that there is proof that the injury to the back has resulted in impaired use of the left leg. She states that the leg was numb a considerable part of the time, and that she was unable to handle it properly, and that on occasions had great difficulty in walking and standing. This is also verified by the report of Dr. Norris. After reviewing the record, and from the observations of the movements of claimant by Henry S. Wise, Commissioner of this Court, we are of the opinion that claimant has a 25 per cent loss of use of her left leg. Claimant's compensation rate is the maximum of $15.00 per week. Since the injury occurred subsequent to July 1, 1947, this must be increased 30 per cent, making a compensation rate of $19.50 per week.

The claimant, Hazel Flowers, is entitled to an award of 47½ weeks for a 25 per cent partial permanent loss of use of her left leg. The evidence further discloses that claimant sustained temporary total disability for 31 5/7 weeks from June 24, 1949 to February 1, 1950, making a total sum due of $1,544.70. Claimant was paid the sum of $136.50 for the period of June 24, 1949 to July 15, 1949, for unproductive time, leaving a net award of $1,408.20.

An award is, therefore, entered in favor of claimant, Hazel Flowers, in the sum of $1,408.20, all of which has accrued and is payable forthwith.

Dr. H. V. Norris has submitted an additional statement, which is unpaid, in the amount of $61.15 for his professional services rendered to claimant, for which he is entitled to payment.

An award is, therefore, hereby entered in favor of

Dr. H. V. Norris in the amount of $61.15, payable forthwith.

The record discloses that Harry L. Livingstone has filed a bill amounting to the sum of $131.50, and Hugo Antonacci has filed two bills, one for $22.00 and the other for $24.00, making a total of $46.00 due Mr. Antonacci for the taking and transcribing of the evidence at the several hearings in this cause. We find these charges are fair, reasonable and just, and should be allowed.

An award is hereby entered in favor of Harry L. Livingstone in the sum of $131.50, and an award is hereby entered in favor of Hugo Antonacci in the sum of $46.00, all payable forthwith.

These awards are subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."